CITY OF NEW ORLEANS     :     NO. 8762

VS       8762    COURT OF APPEAL FOR THE

PARISH OF ORLEANS

H. L. THOMPSON     :

: : :. : : : :

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- - - - - - -

WILLIAM A. BELL, JUDGE

- - - - - - -

▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

FEBRUARY 5, 1923.       ▮▮▮▮▮▮▮

Court of Appeal

▮▮▮▮▮▮▮▮

8762

Opinion by WILLIAM A. BELL. Judge.

The City of New Orleans, plaintiff herein, claims the sum of $242.85 for damages alleged to have been sustained by a collision between its and defendant's automobile at the corner of Canal and White Streets, on January 26, 1922, about 11 o'clock a.m. Defendant filed exceptions to plaintiff's petition on the ground of vagueness and that same disclosed no right or cause of action, and answering to the merits denied specifically the several allegations of the petition. There is no counter charge of negligence or any special defense. The above exceptions were overruled, and from a judgment in favor of defendant plaintiff has appealed.

We find the facts of this case, that on the morning of the accident plaintiff's car, occupied only and operated by the chauffeur, was going out Canal Street on the lower side in the direction of the lake; that at the intersection of lower Canal and White Streets plaintiff's car was stopped and was then driven at about five miles an hour across the railway tracks, all the while keeping to the left rather than to the right of said crossing, as required by the city ordinances offered in evidence; that while plaintiff's car was thus crossing the upper side of Canal Street, at a point more than half-way across upper Canal Street, defendant's self-driven car was going about 18 miles an hour in a direction towards the river and on that part of upper Canal Street where it had a right to be. At this point it collided with plaintiff's car, damaging the hood, right running board, the right front fender, right splash guard and right front door of plaintiff's car. Defendant's car sustained damages to the radiator, hood, front lamp, front axle and frame.etc.

The extent of damages sustained to each car is not in dispute and no reconventional demand for damages is claimed. Nine witnesses have testified in this case. Their testimony, in many respects most conflicting, need not be here discussed. The evidence which impresses us is, that neither car was violating the speed limit and that no other vehicles were going in either direction to hinder, impede or obstruct the proper driving of the colliding cars. The presence of the candy-wagon standing at the upper lake corner of upper Canal and White Streets did not, in any manner, cause the accident in question. Plaintiff and defendant's outlook was good from their respective cars, despite the conflicting evidence as to the rain curtains on either car being up or down, and, therefore, this fact furnishes no cause for the accident. We find that plaintiff's chauffeur at all times had a plain view of defendant's on-coming car, which he admits first having noticed when same was about 150 feet from the corner of White and upper Canal Streets and when plaintiff's car was in the neutral ground and upon the railway tracks. We are not convinced, although there is some testimony to that effect, that plaintiff's driver looked to the left instead of to his right while making the crossing, but we are quite satisfied that defendant was at all times duly attentive in the driving of his car and took every possible chance, even up to the moment of the accident, to avoid the same. There is no possibility of discussion that the defendant had the right-of-way; that he was not, under the circumstances of this case, obligated to yield this right even at the last moment, which, as we appreciate the evidence, did not afford him a clear or reasonable chance to avoid the accident. Plaintiff's car being at all times in lowest speed while crossing and not being crowded

by any on-coming side or rear *vehicle*, and plaintiff's chauffeur having seen defendant's car no farther than half-a-block away, it follows that defendant's right-of-way should have been duly recognized and that plaintiff's chauffeur was guilty of negligence in not stopping his car until defendant had passed the intersections of White and upper Canal Streets. We find that plaintiff's charge of negligence on the part of defendant is not supported by the evidence; that plaintiff's chauffeur was negligent in violating at least one of the two ordinances which he should have observed, and that defendant did all he possibly could to avoid the accident. The findings of the trial judge should not be disturbed, there being no patent error, as we see it, in his appreciation of the law or the evidence.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment appealed from be and the same hereby is affirmed at plaintiff's costs in both courts.

FEBRUARY 5, 1923.                    JUDGMENT AFFIRMED.